IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ELI JOEL TURNER

        Plaintiff,

  v.

SANDY BROWN,

        Defendant.

Case No. 2:06cv53
JUDGE GREGORY L. FROST
Magistrate Judge Abel

## OPINION AND ORDER

This matter is before the Court on the United States of America's Motions to Substitute the United States as the Party Defendant for Sandy Brown, Amend the Caption of the Case, Dismiss the Claims Against Sandy Brown and Dismiss the Claims Against the United States ("United States' Motion") (Doc. # 4), Plaintiff's memorandum in opposition to the United States' Motion (Docs. # 8, 9), and the United States' reply memorandum in support of its motion (Doc. # 10). For the reasons that follow, the Court **GRANTS** the United States' Motion.

### I. Background

On December 22, 2005, Plaintiff Eli Joel Turner filed a complaint in the Franklin County Municipal Court, Small Claims Division, against Sandy Brown. Both Plaintiff and Defendant Brown are employees of the United States Postal Service ("USPS"). Plaintiff alleges that Brown had a personal grudge against him because, as a union steward, he had previously represented several USPS employees against her. Plaintiff claims that Brown, who was not his direct supervisor, traded places with his supervisor so that she could harass him at work. Plaintiff alleges that while inspecting his driving of a USPS vehicle, Brown checked his motor vehicle driver's licence to ascertain its validity and then Brown stole that license.

The United States removed Plaintiff's state court action to this Court. *See* 28 U.S.C. § 1446.

On January 27, 2006, the United States filed the United States' Motion. After briefing was complete, this Court determined:

> Before the Court may consider that motion, the Court first must be convinced that Brown was acting within the scope of her employment at the time of the alleged tort. *Osborn v. Haley*, 422 F.3d 359, 364 (2005). *See also Zolman v. United States*, 170 F. Supp. 2d 746, 752-753 (W.D. Mich. 2001). Although [United States Attorney Gregory G.] Lockhart's certification serves as "*prima facie* evidence that an employee's conduct is within the scope of employment," it is not binding on the Court. *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 434 (1995). *See also Coleman v. United States*, 91 F.3d 820, 823 (6th Cir. 1996).

(Doc. # 12 at 4.) The Court concluded that the United States had not presented evidence to support their contention that Brown returned Plaintiff's driver's license and that Brown acted within the scope of her employment during the incident. *Id.* Thus, the Court scheduled a hearing "to address the limited issue of whether Brown was acting within the scope of her employment during the event in question." *Id.* at 4-5. The Court directed both sides to be prepared to "present evidence and/or testimony to support their positions." *Id.* at 5.

Before that hearing was held, Plaintiff filed a motion to continue this case due to his military activation and deployment to Iraq. (Doc. # 13.) This Court granted that motion, administratively closed this case pending completion of Plaintiff's military service, and directed Plaintiff to contact the Court once he had completed his military service. (Docs. # 14, 15.)

On August 27, 2009, Brown filed a motion for a show cause order requiring Plaintiff to explain why he failed to comply with this Court's order directing him to contact the Court once his military service was completed. (Doc. # 16.) On September 30, 2009, the Court held the show cause hearing and as a result of it placed this case back on active status. (Docs. # 18, 19.)

The Court also reset the previously scheduled hearing to address the limited issue of whether Brown was acting within the scope of her employment during the event in question.

## II. Brown Acted in the Scope of her Employment

Plaintiff's claim against Brown arises from alleged conduct that occurred in Ohio. The United States Court of Appeals for the Sixth Circuit has held that "[w]hether an employee was acting within the scope of his employment is a question of law, not fact, made in accordance with the law of the state where the conduct occurred." *RMI Titanium Co. v. Westinghouse Electric Corp.*, 78 F.3d 1125, 1143 (6th Cir. 1996) (citation omitted). "Under Ohio law, an employee acts within the scope of his employment 'when the act can fairly and reasonably be deemed to be an ordinary and natural incident or attribute of the service to be rendered, or a natural, direct, and logical result of it.' " *Sullivan v. Shimp*, 324 F.3d 397, 399 (6th Cir. 2003) (quoting *Posin v. A.B.C. Motor Court Hotel, Inc.*, 45 Ohio St.2d 271 (1976)).

On October 26, 2009, the Court held the oral hearing to determine whether Brown was acting in the scope of her employment on the day in question when she observed Plaintiff's driving. The United States presented testimony from Defendant Brown and from Steven Rennick, a labor relations specialist with the USPS. Rennick testified that during 2005, because employees of the USPS had been increasingly causing motor vehicle accidents, the USPS began a program that required supervisors to observe employees' driving during work hours and to have their driver's licence checked for validity. The program required supervisors to observe employees who were not in their direct charge and, instead, were subordinate to other supervisors. Brown testified that pursuant to the program she observed Plaintiff's driving and also checked the validity of his driver's license. Brown testified that she returned the license to

3

Plaintiff after viewing it.

Plaintiff presented no testimony.

The Court finds that the United States presented credible evidence that the USPS had implemented a policy that required Brown to observe employees that were not in her direct charge, including Plaintiff. Further, the United States presented credible evidence that Brown observed Plaintiff's driving, that she checked the validity of Plaintiff's driver's license, and that Brown returned Plaintiff's driver's license to him after viewing it. Plaintiff failed to rebut this evidence. Based on this evidence, and the previously submitted certification, the Court concludes that Brown's actions "can fairly and reasonably be deemed to be an ordinary and natural incident" of the service she rendered to the USPS, and she was, therefore, acting within her scope of employment when she observed Plaintiff's driving, checked the validity of his driver's license, and returned the license to him. *See Sullivan*, 324 F.3d at 399.

Accordingly, the Court must now determine whether the United States should be substituted as the party defendant in this action and if so, whether this case should be dismissed against it.

### III. Substitution of the United States Defendant Brown

The Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, is a limited waiver of the United States' sovereign immunity. The FTCA applies to tort claims arising from the activities of the USPS. *See* 39 U.S.C. § 409(c). The Federal Employees Liability Reform and Tort Compensation Act of 1988 (the "Westfall Act") provides, in part, at 28 U.S.C. § 2679(b)(1) of the FTCA:

> The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or

resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

"Pursuant to the Westfall Act, the United States stands in the shoes of its employees whose 'negligent or wrongful act[s]' in the course of their federal employment cause an injury. 28 U.S.C. § 2679 (b)(1). The Westfall Act effectively "shields federal employees from liability for common law torts committed within the scope of employment.' *Henson v. Nat'l Aeronautics Space Admin.*, 14 F.3d 1143, 1147 (6th Cir. 1994)." *Sullivan*, 324 F.3d at 399. The Westfall Act immunizes government employees from suit even when an FTCA exception precludes recovery against the United States. *United States v. Smith*, 499 U.S. 160, 166 (1991).

This Court has determined that Brown was acting within the scope of her employment as a employee of the USPS at the time of the alleged incident out of which Plaintiff's claim against Brown arose. In addition, a fair reading of Plaintiff's state court action is that the complaint asserts common law torts covered by 28 U.S.C. § 2679(b)(1). Therefore, the Court concludes that Plaintiff's exclusive remedy for the claims that he has asserted against Brown is an action against the United States under the FTCA. *See* 28 U.S.C. § 2679.3.

Accordingly, the Court **GRANTS** the United States' Motion as it relates to substituting the United States for Sandy Brown as the defendant in the instant action.

### IV. Dismissal of this Action

**A. Standard of Review**

The United States moves for dismissal under Rule 12(b)(1) of the Federal Rules of Civil

Procedure for lack of subject matter jurisdiction. A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists. *See RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1133-35 (6th Cir. 1996).

**B. Analysis**

The United States argues that it is entitled to dismissal of this action based upon sovereign immunity. This Court agrees.

Sovereign immunity, unless waived, bars suit against the United States and its agencies. *Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999); *United States v. Sherwood*, 312 U.S. 584, 586-87 (1941). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied. Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted).

The FTCA contains an administrative claim requirement at 28 U.S.C. § 2675(a), which states:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

Subject to the exceptions contained in 28 U.S.C. § 2675(a), which do not apply to this case, an FTCA action cannot be maintained against the United States until claimants have exhausted their administrative remedies. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); *Lundstrum v. Lyng*, 954 F. 2d 1142, 1145 (6th Cir. 1990) ("A prerequisite to suit under the FTCA, however, is exhaustion by the plaintiff of administrative remedies. 28 U.S.C. § 2675(a)."); *Executive Jet Aviation Inc. v. United States*, 507 F.2d 508, 514-15 (6th Cir. 1974) (the administrative claim procedure prescribed in 28 U.S.C. § 2675 is jurisdictional and no suit may be maintained under the Act in the absence of compliance).

Here, Plaintiff has not alleged[1] that he exhausted his administrative remedies, and therefore, his claims against the United States must be dismissed for lack of subject matter jurisdiction. *See* 28 U.S.C. § 2675(a). Accordingly, the Court **GRANTS** the United States' Motion as it relates to its request to dismiss this action.

## V. Conclusion

Based on the foregoing, the Court **GRANTS** the United States' Motion. (Doc. # 4.) The Clerk is **DIRECTED** to substitute the United States for Sandy Brown as the defendant in this action, to change the case caption accordingly, and then to **DISMISS** this action in its entirety.

**IT IS SO ORDERED.**

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE

---

[1]The Court notes too that the USPS has submitted evidence showing that no administrative claim was presented to it by Plaintiff regarding the issue before this Court.

7